# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Herman Leroy James III | Civil Action No. 22-1949 |
| versus | Judge David C. Joseph |
| BP Exploration & Prod., Inc., et al. | Magistrate Judge Carol B. Whitehurst |

## MINUTES OF SHOW CAUSE HEARING AND REPORT AND RECOMMENDATION

On May 17, 2023, the undersigned magistrate judge conducted a Rule to Show Cause in open court, where plaintiff Herman Leroy James, III had been ordered to appear and show cause why he should not be sanctioned for repeated failures to inform this Court whether he intends to enroll new counsel or proceed *pro se*, comply with court orders, and appear at court-ordered conferences. The show cause hearing represents the Court's most recent attempt to engage with Mr. James. Mr. James failed to make an appearance at the May 17, 2023 hearing, at which time the defendants moved for sanctions against him. After considering the history of this case, and for the reasons set forth herein, IT IS RECOMMENDED that all claims of the plaintiff in this matter be DENIED AND DISMISSED WITH PREJUDICE, all as more fully set forth hereinbelow.

## Factual and Procedural History

The instant lawsuit arises out of the Deepwater Horizon Oil Spill ("Oil Spill"). According to the plaintiff's Complaint, the plaintiff worked as a Clean-Up Worker for the BP Deepwater Horizon Oil Spill from approximately June 2010 to November 2011 and, as such, is a Class Member as defined by the Medical Settlement Agreement (the "MSA").[1] The instant lawsuit was filed on February 28, 2022; at that time, the plaintiff was represented by counsel. On March 1, 2023, plaintiff's counsel filed a motion to withdraw, based, in part, upon "irreconcilable differences between Plaintiff's Counsel and Plaintiff," with counsel stating that "[c]ontinued representation by Plaintiff's Counsel ha[d] been rendered unreasonably difficult by the Plaintiff due to lack of communication."[2]

On March 9, 2023, the undersigned granted the motion to withdraw and entered the following orders: (1) plaintiff was ordered to enroll new counsel within 30 days or notify the Court in writing if he wishes to proceed *pro se*; (2) the Court set a telephone conference on April 13, 2023 to discuss the status of the case; and (3) all deadlines contained in the Scheduling Order were stayed pending the telephone status conference. Notice of the telephone conference was provided to Mr. James via certified mail at the address he provided to the Court, and a

---

[1] Deepwater Horizon *Medical Benefits Class Action Settlement Agreement, as Amended on May 1, 2012*, MDL 2179, Rec. Doc. 6427-1 (May 3, 2012), § I.A; § II.EEE.

[2] *See* Motion to Withdraw as Counsel Without Substitution, Doc. 22, para. 2 & 3.

certified mail return receipt indicated acceptance of the mail on March 13, 2023 [Doc. 28]. Despite the foregoing, Mr. James failed to appear at the April 13, 2023 conference. After the conference, however, Mr. James contacted the chambers of the undersigned, stated that he missed the conference because he was at a doctor appointment and asked that the conference be rescheduled. The Court specifically reset the conference on April 26, 2023, a date and time that the plaintiff indicated worked with his schedule. At that time, the Court cautioned that future failures to comply with Court orders could lead to the imposition of sanctions, including dismissal of the plaintiff's case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure [Doc. 29]. Despite the foregoing, Mr. James failed to appear at the April 26, 2023 conference.

In the Minutes of the April 26, 2023 conference, the undersigned noted that both of the conferences were occasioned by the withdrawal of plaintiff's counsel, and that the plaintiff had been ordered to either retain new counsel or inform this Court in writing that he intends to proceed *pro se* [Doc. 26]. Noting that the plaintiff had failed to comply with this order and had failed to make an appearance at both the April 13 and the April 26 conferences, the undersigned issued a Rule to Show Cause, ordering the plaintiff to appear in open court on May 17, 2023 and show cause why he had failed to comply with court orders. In that Order, the plaintiff was strongly cautioned that failure to comply with this Order would likely

lead to the imposition of sanctions, including dismissal of the plaintiff's case, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The plaintiff did not appear at the May 17, 2023 hearing; defense counsel appeared via telephone with the permission of the Court. At the hearing, defense counsel moved for sanctions against the plaintiff for his failure to comply with numerous Court orders.

## Law and Analysis

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for a party's failure to prosecute or comply with a court order. *Castro & Co., LLC v. Polymath Inc.*, 2019 WL 4246600, at *2 (N.D. Tex. Sept. 6, 2019), *citing Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (citation omitted); *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996) (footnote and citation omitted). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Castro*, 2019 WL 4246600, at *2, *citing Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). The court's decision to dismiss an action, however, is materially affected by whether the dismissal is to be with or without prejudice. "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court

employed lesser sanctions before dismissing the action." *Castro*, 2019 WL 4246600, at *2, *citing Long*, 77 F.3d at 880 (footnote and citation omitted). "Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket." *Boudwin*, 756 F.2d at 401 (quoting *Rogers v. Kroger*, 669 F.2d 317, 321-22 (5th Cir. 1982)).

In the instant case, the Court does not know the basis for plaintiff's failures to comply with the Court's orders to advise the Court of his representation status, participate in telephone conferences, or appear at open-court hearings. Nevertheless, the Court views the plaintiff's disregard for the Court's orders as contumacious conduct. Here, the Court employed lesser sanctions by providing the plaintiff at least two opportunities to comply with its orders, yet the plaintiff failed to comply. Despite repeated warnings from the Court, the plaintiff has not indicated whether he has obtained new counsel and has repeatedly failed to appear at telephone conferences and court hearings. The record set forth herein demonstrates that the plaintiff has engaged in a clear pattern of delay and has failed to adhere to readily comprehended court deadlines of which he is aware. Accordingly, mindful of its inherent power to control its docket and prevent undue delays in the disposition of this pending case, IT IS RECOMMENDED that the

plaintiff's claims in this matter be DENIED AND DISMISSED WITH PREJUDICE.

Considering the foregoing,

**IT IS RECOMMENDED** that all claims asserted by the plaintiff, Herman Leroy James III, be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed this 22nd day of May, 2023 at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE